UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GARY WILLIAMS** | **CASE NO.  2:19-CV-01048** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WAL-MART LOUISIANA, LLC, ET AL** | **MAGISTRATE JUDGE KATHLEEN KAY** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (the "Motion") [Doc. 15] filed by Defendant, Wal-Mart Louisiana, LLC ("Wal-Mart").  An Opposition [Doc. 20] was filed by Plaintiff, Gary Williams to which Wal-Mart filed a Reply [Doc. 24].  For the following reasons, Wal-Mart's motion is **GRANTED**.

## PROCEDURAL HISTORY

On June 19, 2019, Gary Williams filed the instant suit for damages in the 30th Judicial District Court, Vernon Parish, Louisiana, against defendants Wal-Mart Stores, Inc. and XYZ Insurance Company, the liability insurer carrier for Wal-Mart Stores, Inc.[1]  On August 13, 2019, Wal-Mart removed the action to this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Doc. 1]. Wal-Mart now seeks summary judgment dismissing plaintiff's claims.

Defendant's Motion posits that Williams cannot meet the factual showing required by the Louisiana Merchant Liability Act (La. R.S. 9:2800.6) – specifically that Williams' claims must be dismissed because the alleged wet floor condition at

---

[1]  The proper plaintiff, Walmart Louisiana, LLC, was subsequently substituted as a defendant. [Doc. 1-2].

the entrance to the Store was open and obvious. [Doc. 15-2, p. 4-7]. Wal-Mart further contends that it appropriately alerted patrons to the possibility that the day's rainfall may have caused the floor near the Store's entrance to become wet by placing orange "wet floor" cones throughout the vestibule area of the store. [Doc. 15-2, p. 7-9].

In response, Plaintiff argues that summary judgment is not appropriate because genuine issues of material fact remain as to the existence and cause of the wet condition, whether Wal-Mart created the wet condition, whether Wal-Mart violated its Standard Operating Procedure ("SOP"), and whether any such violation of its SOP was a contributing cause of Plaintiff's fall. [Doc. 20, p. 2].

## FACTUAL BACKGROUND

At 10:02 a.m. on the morning of July 4, 2018, Plaintiff, along with his wife and child, entered a Wal-Mart store located at 2204 South 5th Street in Leesville, Louisiana ("the Store"). [Doc. 15-6]. It was lightly raining at the time of their arrival. [Doc. 15-3 p. 31]. At the time Plaintiff and his family first entered the Store, a black floor mat was positioned at the Store's entrance, approximately three to four feet inside the doorway's threshold. [Doc. 15-3, p.75]. There was also an orange "wet floor" cone in the vestibule visible to all those entering the Store. [Doc. 15-6].

Minutes after Plaintiff first entered the Store, he went back outside into the parking lot to retrieve his wife's driver's license from their vehicle. [Doc. 15-6; 15-3, p. 75]. Located immediately next to the entrance door, the Store's exit had a black floor mat positioned adjacent to the sliding glass door. [Doc. 15-6; 15-3, p. 37]. There were also two orange "wet floor" cones present, one positioned on each side of the floor mat. [Doc. 15-6; 15-3, p. 37].

After Plaintiff retrieved his wife's license from the vehicle, Plaintiff came back into the Store. However, immediately upon re-entering the Store – indeed, as soon as his left foot crossed the threshold of the first set of doors into the Store's vestibule area – his foot slid on the tile beneath his foot and he fell to the ground. [Doc. 15-6]. Plaintiff quickly stood up and several Wal-Mart employees came over to check on him. [Doc. 15-6; Doc. 20, p. 4]. Plaintiff then stepped further inside the vestibule area to sit down while a Wal-Mart employee repositioned the vestibule entrance floor mat to cover the area on which Plaintiff fell. [Doc. 15-6]. Plaintiff allegedly sustained right knee and right shoulder injuries as a result of the fall. [Doc. 1 ¶ 9; Doc. 15-3, p. 42, 61].

## LAW AND ANALYSIS

### A. SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor,

including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ..." *Id.*

### B. LOUISIANA'S MERCHANT LIABILITY ACT

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, Wal-Mart's liability for the Plaintiff's accident and resulting injury is governed by the Louisiana Merchant Liability Act, La. R.S. 9:2800.6 (the "Merchant Liability Act"). The Merchant Liability Act imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving his claim that the defendant(s) were negligent and that:

1) The condition presented an unreasonable risk of harm to the claimant and the risk of harm was reasonably foreseeable.

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3) The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6(B).

Importantly, each of these three elements of the Merchant Liability Act must be proven by the plaintiff. Indeed, "[t]he burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109, p. 3 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 515 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081); *Ferrant v. Lowe's Home Centers, Inc.*, 494 Fed. Appx. 458, 460 (5th Cir. 2012). Thus, as a threshold matter, we must first determine whether a hazardous condition existed and, if so, whether such condition constituted an unreasonable risk of harm.

### 1. *Existence of the hazardous condition*

The parties dispute whether there was water on the Store's floor – thus potentially constituting a hazardous condition – and, if so, how it arrived there. Store surveillance video does not show any water on the floor either before or immediately after the Plaintiff's fall. [Doc. 15-6]. Furthermore, Plaintiff testified in his deposition that he does not remember seeing any water on the floor during any of his three trips across the vestibule of the Store that morning. [Doc. 15-3, p. 35, 39-40]. However, Plaintiff did testify in his deposition that, immediately after his fall, he discovered

that his legs and shorts were wet. *Id.* Given the fact that his legs and shorts were wet, Plaintiff speculated that the floor may have been wet near the entrance to the Store as a result of that day's rainfall. [Doc. 15-3, p. 45]. Construing all justifiable inferences in favor of the nonmoving party, the Court will assume that, for purposes of ruling on the Motion, there was a small amount of rainwater on the floor where the Plaintiff slipped and fell.

### 2. *The wet floor condition did not present an unreasonable risk of harm.*

Assuming that floor of the Store near its entrance was slightly wet, we next must examine the impact of this fact on Wal-Mart's obligation to keep its floors in a reasonably safe condition. In this regard, it is clear that Louisiana law does not require a merchant to guarantee that its floors are completely dry. *Barton v. Wal-Mart Stores, Inc.*, 97-801, p. 11 (La. App. 3d Cir. 12/10/97), 704 So. 2d 361, 367. Rather, in order to constitute an unreasonably dangerous vice or defect for purposes of the Merchant Liability Act, any wet floor or other vice or defect must be of such a nature as to constitute a dangerous condition that one would reasonably expect to cause injury to a prudent person using ordinary care under the circumstances. *Milton v. E & M Oil Co.*, 45,528, p. 6-7 (La. App. 2d Cir. 9/22/10), 47 So. 3d 1091, 1095. As such, "[t]here is no fixed rule for determining whether [any particular] condition presents an unreasonable risk of harm." *Glenn v. Family Dollar Stores of Louisiana, Inc.*, No. 18-0041, 2018 WL 5260044 at *3 (W.D. La. Oct. 22, 2018).

In absence of a fixed rule, Louisiana courts have adopted a risk-utility "balancing test" to guide us in making this determination, including a mandated focus

"on whether the allegedly dangerous or defective condition was obvious and apparent." *Bufkin v. Felipe's La., LLC*, 2014-0288, p. 6 (La. 10/15/14), 171 So. 3d 851, 856. A defendant has no duty "to protect against that which is obvious and apparent ... to everyone who may potentially encounter it." *Id*. Similarly, under the first prong of the Merchant Liability Statute, "a condition does not present an unreasonable risk of harm when it is an open and obvious risk." *Thibodeaux v. Home Depot USA, Incorporated*, 816 Fed. Appx. 988, 990 (5th Cir. 2020) (citing *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238, p. 11 (La. 4/5/13), 113 So. 3d 175, 184).

Wal-Mart argues the alleged wet floor condition, if it existed, was an open and obvious risk. Wal-Mart's contention, then, bears on whether Plaintiff can meet the "unreasonable risk of harm" element of the Merchant Liability Statute. The open-and-obvious inquiry is objective, looking to whether the condition should be obvious to all who may encounter it, rather than specifically to whether the plaintiff had actual knowledge of the condition. *Broussard*, 113 So. 3d at 184. As such, whether Plaintiff observed a wet substance on the floor as he entered the Store is not a determinative factor.

During the Court's independent review of the evidence submitted, it discovered that on July 4, 2018, in the hour immediately before the Plaintiff's fall, video surveillance shows approximately 200 people walk into the Store through the same set of doors as the Plaintiff, including the Plaintiff himself.[2] Twenty-five of these people entered the Store during the roughly nine minutes between the Plaintiff's first

---

[2] Wal-Mart video surveillance footage, Defendant's Exhibit 3B. [Doc. 15-6].

and second trips into the Store. An additional nineteen people exited the Store in that hour using the very same entrance doors as the Plaintiff. Not a single one of the approximately 220 people, going into or out of the Store during that hour, slipped, skidded, lost their balance, or in any other way struggled to safely traverse the area of the Store wherein the Plaintiff fell.

In *Wiggins v. U.S.*, No. 08-0008, 2009 WL 2176043 (E.D. La. July 22, 2009), the court applied Louisiana law to a case in which the plaintiff alleged she slipped on the wet floor and was injured in a post office as a result of customers tracking in water from the rain. Citing *Williams v. Leonard Chabert Medical Center*, 98-1029, p.8 (La. App. 1st Cir. 9/26/99), 744 So. 2d 206, 211, *writ denied*, 00-0011 (La. 2/18/00), 754 So. 2d 974, the court stated, "a premises owner does not have a duty to prevent risks that are obvious and could have been avoided through the exercise of reasonable care." *Wiggins* at *4. Likewise, in *Chavis v. Racetrac Petroleum, Inc.*, the court granted a defendant's summary judgment on a merchant liability claim, finding: "[t]hat the entrance way to the store may have been more slippery in wet weather should have been obvious to a reasonably prudent person such as plaintiff." No. 12-00481, 2014 WL 309352 at *4 (W.D. La. Jan. 27, 2014). As in this case, the *Chavis* plaintiff walked through the rain going into and out of the store several times before he fell. *Id.*

In consideration of the uncontested facts and applicable law, the Court finds that the wet floor condition encountered by Plaintiff was an open and obvious risk. Wal-Mart's placement of the orange cones in the vestibule area near the entrance to the Store, considered in combination with the fact that it was raining outside, made it apparent to the public that the floor near the entrance to the Store might be wet.

Indeed, over 200 people – *including the Plaintiff himself* – safely entered the Store through the same set of doors and crossed the same area of the Store's entrance in the one-hour period before the Plaintiff fell.

Plaintiff has failed to meet his burden of proving that there is a genuine issue of material fact as to whether the alleged wet floor condition in the Store's entrance presented an unreasonable risk of harm under the Merchant Liability Statute. Given that Plaintiff has failed to meet his burden of proving the first element of the Merchant Liability Statute, the Court need not analyze the second or third prong of the Merchant Liability Statute in its finding that summary judgment is appropriate.[3]

## CONCLUSION

For the foregoing reasons, the Court finds that there is no genuine issue of material fact and that Defendant Wal-Mart is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Accordingly, IT IS ORDERED that Defendant's Motion for Summary Judgment [Doc. 15] is **GRANTED** and Plaintiff's claims are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Chambers on this 30th Day of October, 2020.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff discusses at length in his Opposition [Doc. 20] the positioning of the floor mats in the vestibule area, arguing that "the absence of the mat at the entrance was a violation of Defendant's Standard Operating Procedure and a hazardous condition which caused Plaintiff to slip and fall." [Doc. 20, p. 3]. However, this assertion can only serve to establish that Wal-Mart may have failed to exercise reasonable care under the third prong of the Merchant Liability Statute. As the Court finds that the Plaintiff has not met his burden under the first prong of the statute, the Court need not reach this issue to rule on the Motion.